UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ERIC REASON, an individual; STEPHANIE BASS, an individual; RASHEED REASON, individually and as Co-Successor-in-Interest to Decedent ERIC REASON II; TYRIQUE REASON, individually and as Co-Successor-in-Interest to Decedent ERIC REASON II; K.R., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad litem LATISHA PARKER; P.R., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad Litem LATISHA PARKER; N.M., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad Litem NIA MILLS; E.L.R., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad Litem SHAWNTAY DAVIS; I.R.V., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad Litem JULIA VELASQUEZ; | No. 20-cv-01900-WBS-EFB<br><br>MEMORANDUM AND ORDER RE: DEFENDANT CITY OF VALLEJO AND VALLEJO CHIEF OF POLICE SHAWNY WILLIAMS' MOTION TO DISMISS, DEFENDANT CITY OF RICHMOND'S MOTION TO DISMISS, AND DEFENDANT RICHMOND CHIEF OF POLICE BISA FRENCH'S MOTION TO DISMISS |

1

|   |   |
|---|---|
| | Plaintiffs, |
| | v. |
| | CITY OF RICHMOND, a municipal corporation; CITY OF VALLEJO, a municipal corporation; the ESTATE OF VIRGIL THOMAS, individually and in his capacity as Police Sergeant for the CITY OF RICHMOND; SHAWNY WILLIAMS, in his individual capacity as Chief of Police for the CITY OF VALLEJO; BISA FRENCH, in her individual capacity as Chief of Police for the CITY OF RICHMOND; DOES 1-25, inclusive, in their individual capacities as police officers for the CITY OF RICHMOND and/or CITY OF VALLEJO, and DOES 26-50, inclusive, individually and in their supervisory capacity as employees for the Richmond Police Department and/or Vallejo Police Department |
| | Defendants. |

----oo0oo----

Plaintiffs Eric Reason, Stephanie Bass, Rasheed Reason, Tyrique Reason, and the minor children of the decedent Eric Reason II ("plaintiffs") brought this action against the City of Vallejo ("Vallejo"), the City of Vallejo's Chief of Police Shawny Williams, the City of Richmond ("Richmond"), the City of Richmond's Chief of Police Bisa French, the Estate of Richmond Police Sergeant Virgil Thomas, and DOES 1-50 seeking damages against defendants for violation of their civil rights under 42 U.S.C. § 1983, conspiracy to violate their civil rights under 42 U.S.C. § 1985, wrongful death, negligence, violation of California Civil Code § 52.1, and battery.

2

Before the court are the City of Vallejo and the City of Vallejo Chief of Police Shawny Williams' Motion to Dismiss, (Docket No. 6), the City of Richmond's Motion to Dismiss (Docket No. 8), and the City of Richmond Chief of Police Bisa French's Motion to Dismiss (Docket No. 9.)

I.   Factual and Procedural Background

Plaintiffs allege that on November 10, 2019, defendant Richmond Police Department Sergeant Virgil Thomas and decedent Eric Reason II became embroiled in a heated verbal confrontation over a parking spot in the city of Vallejo, California. (Compl. at ¶ 1) (Docket No. 1.)  Sergeant Thomas was on administrative leave at the time of this incident. (Id. at ¶ 47.)  Mr. Reason walked back towards his van after exchanging words with Sergeant Thomas. (See id. at ¶ 1)  Sergeant Thomas then raised his gun and fired at Mr. Reason and shot him in the back of the head. (Id.)

Sergeant Thomas then contacted police dispatch and identified himself as a Richmond Police Department Sergeant. (See Compl. at ¶ 2.)  Vallejo Police Officers responded to the scene and initiated the Solano County Officer Involved Shooting Protocol. (See id.)  The Vallejo Police Department began securing the crime scene and placed crime scene tape around the vicinity of the shooting. (Id.)  During this time, Vallejo Police Officers allowed Sergeant Thomas to remain on scene without being sequestered or cordoned off from critical items of evidence. (Id.)  Vallejo Police permitted Sergeant Thomas to "disturb the crime scene and take photographs of Mr. Reason's dead body in full view of the Vallejo Police Department Officers

3

and members of the Reason family who were gathering outside of the crime scene tape." (Id.)  Vallejo police officers uninvolved in the investigation viewed Mr. Reason's body under a tarp. (Id. at ¶ 40.)

In an "effort to conceal the criminal actions of Sergeant Thomas and quell public outrage, the Vallejo Police Department issued a press release which sought to justify the shooting and overtly failed to accurately describe the true circumstances of the shooting." (Id. at ¶ 3.)  In the aftermath of the shooting, the Reason family initiated a complaint with Chief of Police Shawny Williams related to the disturbance of the crime scene and Sergeant Thomas photographing Mr. Reason's remains.  (Id. at ¶ 4.)  To date, the City has not formally responded to the Reason family's complaint.  (See id.)

II. Discussion

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal when the plaintiff's complaint fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6). The inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the complaint has stated "a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  Although legal

4

conclusions "can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679.

Plaintiffs allege that the City of Vallejo, City of Richmond, and their respective Chiefs of Police Shawny Williams and Bisa French are liable under Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 694 (1978), for: (1) having an unconstitutional custom or policy, (2) ratifying the decisions of the officers who caused the constitutional violation, and (3) failing to adequately train the police officers. (Compl. at ¶¶ 80-94.)

Because 42 U.S.C. § 1983 does not provide for vicarious liability, local governments "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell, 436 U.S. at 694. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. A Monell claim lies where "the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Bd. of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 406 (1997).

To survive a motion to dismiss a Monell claim, a plaintiff must do more than simply allege that a defendant "maintained or permitted an official policy, custom, or practice of knowingly permitting the occurrence of the type of wrongs" alleged in the complaint. See AE ex. rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012). Facts regarding the

5

specific nature of the alleged policy, custom, or practice are required; merely stating the subject to which the policy relates (i.e., excessive force) is insufficient.  See id.

Following this rule, district courts have dismissed complaints where a plaintiff alleged a single incident of unconstitutional conduct as the basis for his Monell claim.  See, e.g., Wallace v. City of Santa Rosa, No. C 12-6451 MMC, 2013 WL 4675354, *2 (N.D. Cal. Aug. 30, 2013) (dismissing a Monell claim rooted in allegations of an officer's use of excessive force during a plaintiff's arrest and finding that a single incident is insufficient to support a Monell claim based on inadequate training or failure to discipline).

A. Claims Against the City of Vallejo

A municipality can be sued for "constitutional deprivations visited pursuant to governmental custom." Monell, 436 U.S. at 690.  To establish liability, plaintiffs must show that (1) they were deprived of a constitutional right, (2) the municipality had a policy; (3) the policy amounted to a deliberate indifference to their constitutional right; and (4) the policy was the "moving force behind the constitutional violation." See Mabe v. San Bernardino Cty., 237 F.3d 1101, 1110-11 (9th Cir. 2001)(citing Van Ort v. Estate of Stanewich, 93 F.3d 831, 835 (9th Cir. 1996).)

Here, plaintiffs have alleged that their rights were violated by the City of Vallejo because (1) Sergeant Virgil Thomas was permitted to remain on the crime scene and photographed Eric Reason's body, (2) Vallejo police officers uninvolved in the investigation viewed Eric Reason's body under a

tarp, (3) the City of Vallejo issued a press release that made inaccurate statements and was designed to defend Sergeant Thomas's actions, and (4) Chief Williams failed to respond to their complaint.  (Compl. at ¶¶ 80-94.)  For the reasons discussed below, even assuming that the alleged conduct complained of by plaintiffs amounted to a violation of constitutionally protected rights, plaintiffs have failed to adequately plead a Monell claim against the City of Vallejo under any theory.

          1.   Unconstitutional Custom or Policy

For an unwritten policy or custom to form the basis of a Monell claim, it must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice.  See Monell, 436 U.S. at 691.  In pleading such a claim, the complaint must "put forth additional facts regarding the specific nature of [the] alleged policy, custom, or practice."  See AE ex. rel. Hernandez, 666 F.3d at 637.  Here, the thrust of the allegations against the City of Vallejo is that (1) it allegedly allowed Sergeant Thomas to corrupt the crime scene and photograph the decedent, (2) it allowed uninvolved Vallejo police officers to view the decedent, (3) it issued a supposedly misleading press release, and (4) Vallejo Chief of Police Shawny Williams failed to respond to a complaint by the Reason family.  (See Compl. at ¶¶ 81-85.)

However, plaintiffs have alleged no facts in their complaint regarding an unconstitutional policy, custom or practice, allegations of prior incidents, or facts which demonstrate that the alleged practice was of "sufficient

7

duration, frequency, and consistency such that the alleged custom or practice has become a traditional method of carrying out policy." See Harper v. Cty. Of Merced, 1:18-cv-005620-LJO-SKO, 2018 WL 5880786, *6 (E.D. Cal. Nov. 8, 2018). Plaintiffs' allegations are therefore insufficient to state a plausible, not merely possible, claim for relief. See AE ex rel. Hernandez, 666 F.3d at 637.

2. Ratification

The Ninth Circuit has "found municipal liability on the basis of ratification when the officials involved adopted and expressly approved of the acts of others who caused the constitutional violation." Trevino v. Gates, 99 F.3d 911, 920 (9th Cir. 1996). Ratification "generally requires more than acquiescence." Sheehan v. City and Cty. of San Francisco, 743 F.3d 1211, 1231 (9th Cir. 2014) (overruled on other grounds by City and Cty. of San Francisco v. Sheehan, 575 U.S. 600, 1767–1778 (2015)).

Plaintiffs' complaint states that Vallejo Police Chief Shawny Williams ratified the Vallejo police officers' conduct by failing to discipline or re-train officers following the alleged corruption of the crime scene and issuance of the press release. (See Compl. at ¶¶ 81-86.) The complaint does not include any factual allegations regarding any approval or ratification by the City of the allegedly unconstitutional actions or the basis for such approval. Moreover, it is well- established that the "mere failure to discipline [the officers] does not amount to ratification of their allegedly unconstitutional actions." See Sheehan, 743 F.3d at 1231. The plaintiffs here have therefore

8

failed to state a cognizable claim of ratification under Monell.

### 3. Failure to Train

In order to state a claim for failure to train under Monell, a plaintiff must show that: (1) the existing training program is inadequate in relation to the tasks the particular officers must perform; (2) the officials have been deliberately indifferent to the rights of the persons with whom the police come into contact; and (3) the inadequacy of the training "actually caused the deprivation of the alleged constitutional right." Merritt v. Cty. of Los Angeles, 875 F.2d 765, 770 (9th Cir. 1989). "[W]hen city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program." Connick v. Thompson, 563 U.S. 51, 61 (2011.)

Here, plaintiffs have not provided any factual allegations (1) as to how the City's officer training is inadequate, (2) that the officials have been deliberately indifferent to the rights of Vallejo citizens, or (3) that the inadequacy of the training was what actually caused the alleged deprivation of plaintiffs' constitutional rights. See Merritt, 875 F.2d at 770. Accordingly, plaintiffs have failed to state a cognizable claim of failure to train under Monell. Because the complaint fails to state a Monell claim under any theory, the court will dismiss the complaint's fourth claim against the City of Vallejo.

B.  Claims Against the City of Richmond[1]

Plaintiffs' sole allegation against the City of Richmond is that the City of Richmond failed to discipline or retrain Sergeant Thomas following the death of Eric Reason and permitted him to return to his post. (See Compl. at ¶ 71.)  Plaintiffs and the City of Richmond go to great lengths to dispute whether Sergeant Thomas was acting within the scope of his employment at the time of the incident. (See generally Reply to City of Richmond's Mot. to Dismiss); (See generally City of Richmond Mot. to Dismiss.)  However, the court need not decide whether Sergeant Thomas acted within the scope of his employment because, even assuming that Sergeant Thomas did act in his official capacity, plaintiffs have failed to adequately plead a claim against the City of Richmond under Monell, as discussed below.

1.  Unconstitutional Custom or Policy

The thrust of the allegations against the City of Richmond is that Sergeant Thomas was allowed to return to work following the death of Eric Reason and was allegedly not disciplined or re-trained. (See Compl. at ¶¶ 68-71.)  However, plaintiffs have alleged no facts in their complaint regarding an

---

[1] The City of Richmond also seeks to dismiss plaintiffs' sixth cause of action for wrongful death--negligence under California Code of Civil Procedure §§ 377.60-377.61 because it is duplicative of the seventh cause of action for negligence. (See City of Richmond Mot. to Dismiss at 14.)  Plaintiffs concede this and seek to amend to cure this deficiency or file a notice withdrawing and/or dismissing the duplicative cause of action. (See Pls.' Reply to City of Richmond's Mot. to Dismiss at 21 (Docket No. 12).)  Accordingly, the court will permit plaintiffs to cure this defect either by amending the complaint or filing a notice withdrawing or dismissing the duplicative cause of action.

1   unconstitutional policy, custom or practice, allegations of prior
2   incidents, or facts which demonstrate that the alleged practice
3   was of "sufficient duration, frequency, and consistency such that
4   the alleged custom or practice has become a traditional method of
5   carrying out policy."  See Harper, 2018 WL 5880786, at *6.
6   Instead, plaintiffs rely solely on boilerplate conclusions of
7   customs, practices and policies related to excessive force and
8   police misconduct.  (See Compl. at ¶ 72.)  Plaintiffs'
9   allegations are therefore insufficient to state a plausible, not
10  merely possible, claim for relief against the City of Richmond
11  upon this theory.  See AE ex rel. Hernandez, 666 F.3d at 637.

         2.   Ratification

            Plaintiffs' complaint states that the Richmond Chief of
Police Bisa French ratified the Sergeant Thomas's conduct by
failing to discipline or re-train him following the death of Eric
Reason.  (See Compl. at ¶¶ 81-87.)  However, the complaint does
not include any factual allegations regarding any approval or
ratification by the City of the allegedly unconstitutional
actions or the basis for such approval.  Moreover, it is well-
established that the "mere failure to discipline [the officers]
does not amount to ratification of their allegedly
unconstitutional actions."  See Sheehan, 743 F.3d at 1231.
Plaintiffs have therefore failed to state a cognizable claim of
ratification against the City of Richmond under Monell.

         3.   Failure to Train

            Plaintiffs have not provided any factual allegations as
to (1) how the City's officer training is inadequate, (2) that
the officials have been deliberately indifferent to the rights of

1    Richmond citizens, or (3) that the inadequacy of the training was
2    what actually caused the alleged deprivation of plaintiffs'
3    constitutional rights.  See Merritt, 875 F.2d at 770.
4    Accordingly, plaintiffs have failed to state a cognizable claim
5    of failure to train under Monell.  Because the complaint fails to
6    state a Monell claim under any theory, the court will dismiss the
7    complaint's third claim against the City of Richmond.
8             C.   Claims Against Vallejo Chief of Police Shawny Williams
9                  and Richmond Chief of Police Bisa French
10                Plaintiffs attempt to sue Chief Williams and Chief
11   French in their individual capacities under Monell, but a Monell
12   claim may be brought only against a municipality, not an
13   individual.  See Guillory v. Orange Cty., 731 F.2d 1379, 1382
14   (9th Cir. 1984) ("Monell does not concern liability of
15   individuals acting under color of state law.")  Monell liability
16   applies only to municipal or other local government units when a
17   plaintiff alleges unconstitutional action on the part of a
18   government entity, and "the action that is alleged to be
19   unconstitutional implements or executes a policy statement,
20   ordinance, regulation, or decision officially adopted and
21   promulgated by that body's officers."  Monell, 436 U.S. at 690.
22                Therefore, Monell liability only applies to government
23   entities when employees of such entities are found to have
24   committed other constitutional violations and "a policy, practice
25   or custom of the entity can be shown to be a moving force behind
26   the violation of constitutional rights."  Dougherty v. City of
27   Covina, 654 F.3d 892, 900 (9th Cir. 2011.)
28                "Although there is a general rule that parties are

                                   12

allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998)(internal citations omitted).  The third and fourth claims will therefore be dismissed with prejudice as against Chief Williams and Chief French with prejudice because amendment of these Monell claim would be futile.[2]

     IT IS THEREFORE ORDERED that the City of Vallejo and Vallejo Chief of Police Shawny Williams' motion to dismiss plaintiffs' fourth claim under Monell, (Docket No. 6), the City of Richmond's motion to dismiss plaintiffs' third claim under Monell (Docket No. 8), and Richmond Chief of Police Bisa French's motion to dismiss plaintiffs' third claim under Monell (Docket No. 9) be, and the same hereby are, GRANTED.  Plaintiffs' third and fourth Monell claims against Chief French and Chief Williams are dismissed with prejudice.[3]

---

[2] Defendant City of Vallejo and Chief of Police Shawny Williams requests that the court take judicial notice of the security camera footage of the shooting and the fact that Chief Shawny Williams joined the Vallejo Police Department on November 10, 2019. (Request for Judicial Notice ("City of Vallejo's RJN")) (Docket No. 6-1).)  The City of Richmond and Richmond Chief of Police Bisa French also request that the court take judicial notice of five exhibits in support of their respective motions to dismiss.  (See City of Richmond and Bisa French's RJN) (Docket No. 16-1).)  Because the facts alleged in plaintiffs' complaint are insufficient to establish a Monell claim against any defendant under any theory, with or without these exhibits, the court need not consider whether to take judicial notice of them at this stage of the proceedings.

[3] The court expresses no opinion as to whether Chief Williams and Chief French could be sued under any other theory.

13

Plaintiffs have twenty days from the date this Order is signed to file an amended complaint if they can do so consistent with this Order.  Plaintiffs also have twenty days to file a notice withdrawing and/or dismissing the duplicative sixth or seventh cause of action if they opt not to cure the defect by amending the complaint.

Dated: January 12, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE