UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ERIC REASON, an individual; STEPHANIE BASS, an individual; RASHEED REASON, individually and as Co-Successor-in-Interest to Decedent ERIC REASON II; TYRIQUE REASON, individually and as Co-Successor-in-Interest to Decedent ERIC REASON II; K.R., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad litem LATISHA PARKER; P.R., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad Litem LATISHA PARKER; N.M., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad Litem NIA MILLS; E.L.R., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad Litem SHAWNTAY DAVIS; I.R.V., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad Litem JULIA VELASQUEZ; | No. 20-cv-01900-WBS-JDP<br><br>MEMORANDUM AND ORDER RE: <u>DEFENDANT CITY OF RICHMOND'S MOTION TO DISMISS</u> |

| | |
|---|---|
| Plaintiffs, | |
| v. | |
| CITY OF RICHMOND, a municipal corporation; the ESTATE OF VIRGIL THOMAS, individually and in his capacity as Police Sergeant for the CITY OF RICHMOND, | |
| Defendants. | |

----oo0oo----

Plaintiffs Eric Reason, Stephanie Bass, Rasheed Reason, Tyrique Reason, and the minor children of the decedent Eric Reason II ("plaintiffs") brought this action against the City of Richmond ("Richmond") and the Estate of Richmond Police Sergeant Virgil Thomas ("Sergeant Thomas"), seeking damages against Sergeant Thomas for excessive force and violation of the decedent's civil rights under 42 U.S.C. § 1983, and violation of the plaintiff's Fourteenth Amendment rights to a familial relationships under 42 U.S.C. § 1983. Plaintiffs additionally seek damages against both Sergeant Thomas and Richmond for state law claims of wrongful death and negligence under California Code of Civil Procedure 377.60 and 377.61; violation of the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1; and battery. (See generally Second Am. Compl. ("SAC") (Docket No. 39.))

Before the court is Richmond's Motion to Dismiss. (Docket No. 40.)

I. Factual Background

Plaintiffs allege that on November 10, 2019, Sergeant Thomas and decedent Eric Reason II became embroiled in a heated

2

verbal confrontation over a parking spot at a Valero gas station in the City of Vallejo, California. (See SAC at ¶ 20.)[1] Mr. Reason walked back toward his van after exchanging words with Sergeant Thomas. (See id. at ¶ 21.) After Mr. Reason turned his back, Sergeant Thomas pulled a concealed gun out of his waistband. (See id. at ¶ 22.) Sergeant Thomas identified himself as a police officer and opened fire into the back of Mr. Reason's body, simultaneously firing numerous rounds in the direction of operational gas pumps, an occupied car, and into the parking lot of a busy gas station. (See id.) Mr. Reason began running for his life, screaming "Don't let him kill me!" (See id. at ¶ 23-24.) Sergeant Thomas came out from behind a large vehicle, chased after Mr. Reason, and shot him in the back of the head from a distance of approximately 50-60 feet. (See id. at ¶ 23.) Mr. Reason never raised or pointed a weapon at Sergeant Thomas or anyone else prior to being shot. (See id. at ¶ 25.)

Sergeant Thomas again identified himself as a police officer and showed his badge to deter witnesses from attending to Mr. Reason. (See id. at ¶ 26.) Sergeant Thomas contacted police

---

[1] In plaintiffs' initial complaint, they alleged that Sergeant Thomas was "on administrative leave at the time of the incident." (See Compl. at ¶ 46.) (Docket No. 1.) It is well established that an "amended complaint supersedes the original complaint, the latter being treated thereafter as nonexistent." See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015). However, a party cannot amend pleadings to "directly contradic[t] an earlier assertion made in the same proceeding." See Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990). The court will therefore assume the truth of plaintiffs' initial allegation that Sergeant Thomas was on administrative leave at the time of the incident, even though plaintiffs omitted this allegation in their Second Amended Complaint.

dispatch, identified himself as a Richmond Police Department Sergeant, and reported shooting Mr. Reason. (See id. at ¶ 28.) Vallejo police officers responded to the scene and initiated the Solano County Officer Involved Shooting Protocol. (See id. at ¶ 29.) However, the Vallejo police officers failed to sequester or remove Sergeant Thomas from the crime scene. (See id.) Vallejo Police Officers permitted Sergeant Thomas to walk around the crime scene, stand inches from Mr. Reason's head, and take photos of Mr. Reason's body. (See id. at ¶ 30.)

II. Procedural Background[2]

In their initial complaint, plaintiffs asserted only a single cause of action against Richmond and Richmond Chief of Police Bisa French, which was predicated upon an alleged violation of Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 694 (1978). (See Compl. at ¶¶ 80-94.) Following receipt of plaintiffs' initial complaint, the City and Chief French moved to dismiss the claims asserted against each of them. (See Docket Nos. 8-9.) On January 12, 2021, the court granted these motions and allowed plaintiffs twenty days to file an amended pleading. (See Docket No. 21.) In other words, the deadline for plaintiffs to file an amended pleading was February 1, 2021.

---

[2] Richmond requests that the court take judicial notice of Exhibit A, excerpts of the video footage from the November 10, 2019 incident underlying this action, and Exhibit B, the city's written rejection of plaintiffs' claims pursuant to California Government Code Section 913. (See Defs.' Request for Judicial Notice ("RJN") at Exs. A-B.) (Docket No. 40-2.) Plaintiffs do not oppose Richmond's request. Accordingly, the court will take judicial notice of Exhibits A and B.

4

On February 1, 2021, plaintiffs filed their First Amended Complaint, which named only Sergeant Thomas as a defendant. (See First Am. Compl. ("FAC") (Docket No. 22.)) Plaintiffs did not name Richmond as a defendant in the caption, the section delineating the "parties" in the case, or in the prayer for damages, although the FAC did state that "[t]he City of Richmond maintains respondeat superior liability for the actions of their employee, Defendant Virgil Thomas." (See FAC at ¶¶ 15, 18.) On February 1, 2021, plaintiffs' counsel, Melissa Nold, emailed Richmond's counsel, Kevin Gilbert, informing him that "[t]he City of Richmond will not be a named defendant, but they will still be obligated to defend their employee." (See Decl. of Kevin Gilbert ("Gilbert Decl.") in Supp. of Mot. to Dismiss at Ex. 1 at 3.) (Docket No. 40-1.) Mr. Gilbert emailed Ms. Nold on February 2, 2021 that he would not be representing Sergeant Thomas -- the only remaining defendant. (See id. at 1.) Ms. Nold responded that Richmond was "contractually obligated to indemnify [Sergeant Thomas] since he identified himself as a police officer prior to the shooting, so I'm just trying to figure out who I need to speak to regarding the city's defense of Mr. Thomas." (See id.)

On February 2, 2021, plaintiffs filed a Second Amended Complaint, without leave of court, which again did not list Richmond as a defendant in the caption, parties section, or prayer for relief. The Second Amended Complaint did specify, however, that the third cause of action for wrongful death -- negligence and the fourth cause of action for violation of the Tom Bane Civil Rights Act were against both Richmond and Sergeant

5

Thomas. (See Docket No. 23.) That Second Amended Complaint also stated in its "factual allegations" section that the City of Richmond was liable for Sergeant Thomas's actions under a theory of respondeat superior, (see id. at ¶¶ 15, 18.), and was vicariously liable pursuant to California Government Code § 815.2 for the violation of its rights by its employees and agents. (See id. at ¶¶ 53, 58, 63.)

On March 1, 2021, plaintiffs filed a "Corrected Second Amended Complaint", again without leave of court. (See Docket No. 30.) This "Corrected Second Amended Complaint" did list the City of Richmond as a defendant in the caption and the parties section, again stated that the third and fourth causes of action were against Richmond and Sergeant Thomas, and also added that the fifth cause of action for battery was against both Richmond and Sergeant Thomas. (See Docket No. 30.) Plaintiffs contended that they had inadvertently filed the wrong version of the Second Amended Complaint on February 2, 2021 and did not realize it until March 1, 2021 when working with defendants to complete their joint status report. (See Docket No. 34.)

On March 16, 2021, the court issued an order striking both Second Amended Complaints because plaintiffs did not seek leave to file these pleadings and they were filed after the 20-day period to amend had expired. (See Docket No. 33.) Plaintiffs thereafter sought leave to file a Second Amended Complaint which the court granted on April 13, 2021. (See Docket No. 38.) Plaintiffs' filed the operative Second Amended Complaint on April 14, 2021. (See generally SAC.)

III. Discussion

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal when the plaintiff's complaint fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). The inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the complaint has stated "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679.

### A. Government Claims Act

Richmond argues that all of plaintiffs' state law claims against it are untimely and barred by the California Government Claims Act. (See Mot. to Dismiss at 6.) The California Government Claims Act requires presentation of a claim as a condition precedent to maintaining any cause of action seeking damages against a public entity. See Cal. Gov't. Code § 905; see City of San Jose v. Superior Court, 12 Cal. 3d 447, 454 (1974). Compliance with the claims statute is mandatory and failure to file a claim is fatal to the cause of action. See id. (internal citations omitted). If the public entity provides a timely, statutory written notice denying that claim, then the claimants are required to commence suit on those claims no later

than six months from denial. See Cal. Gov't. Code § 945.6. Six months has been interpreted to mean six calendar months or 182 days, whichever is later. See Gonzalez v. Cnty. of Los Angeles, 199 Cal. App. 3d 601, 604 (2d Dist. 1988). The period is extended if the deadline falls on a holiday, which by statute includes Saturdays and Sundays. Deleon v. Bay Area Rapid Transit Dist., 33 Cal. 3d 456, 460 (1983).

Plaintiffs were required to present a Government Claim to Richmond prior to commencing suit against Richmond. (See Cal Gov't. Code § 905.) Plaintiffs presented their Government Claim to Richmond on February 13, 2020, which was formally rejected on March 20, 2020. (See Request for Judicial Notice at Ex. B.) Plaintiffs had only six months from this date to commence litigation. (See Cal. Gov't. Code § 945.6(a)(1).) Plaintiffs filed their Complaint on September 21, 2020, the last day possible under the statute of limitations. (See generally Compl.) (Docket No. 1.) However, Richmond points out that this complaint asserted only a single claim against Richmond under federal law. Richmond contends that because plaintiffs only added state law claims against it after September 21, 2020, plaintiffs' assertion of state law claims fell outside the statutory time period under the Government Claims Act.[3] (See Mot.

---

[3] Although Richmond argues that the Government Claim submitted by plaintiffs only applied to their federal claim, (see Mot. to Dismiss at 7.), the California Government Claims Act does not apply to actions arising under the United States Constitution or under federal law. See Martin D. Carr & Ann Taylor Schwing, Cal. Affirmative Def. Government Claims Act -- Actions Subject to Claim Filing Requirement, § 12.21 (2d. Ed. 2021); see also Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988) (holding that plaintiff's pendent state law claims were

8

to Dismiss at 7.)

Under Rule 8, in order to state a claim against a defendant, a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what. . . the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal citations omitted). While plaintiffs' original complaint may not have clearly labeled their claim for respondeat superior against Richmond as a separate "claim", the complaint explicitly states that "[t]he City of Richmond [is] being sued . . . under the theory of respondeat superior, for all actions taken by Defendant agents of the City of Richmond. . . " (See Compl. at ¶ 25.) This allegation that the City was vicariously liable for the conduct of Sergeant Thomas' actions and was "being sued" under a theory of respondeat superior was sufficient to put Richmond on notice of the claim against it and the grounds for that claim (Thomas' actions and the City's relationship with him as his employer). See Twombly, 550 U.S. at 555. The court therefore finds that plaintiffs' initial complaint adequately pled a state law claim of respondeat superior against Richmond.

Richmond alternatively argues that even if plaintiffs' initial allegations of respondeat superior liability were timely, their state law claims against Richmond became time barred when plaintiffs filed the First Amended Complaint which removed Richmond as a defendant. (See Mot. to Dismiss at 7.) Under

properly dismissed for failure to allege compliance with the California Government Claims Act prior to commencing suit but permitting plaintiffs' 42 U.S.C. § 1983 claims to proceed).

9

California law, "a party's voluntary dismissal without prejudice does not come equipped by law with an automatic tolling or waiver of all relevant limitations periods; instead, such a dismissal includes the very real risk that an applicable statute of limitations will run before the party is in a position to renew the dismissed cause of action." See Martell v. Antelope Valley Hosp. Med. Ctr., 67 Cal. App. 4th 978, 984 (2d Dist. 1998.) Any claims that are voluntarily dismissed will be considered waived if not replead. See Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

Richmond's alternative argument fails for similar reasons as its first argument. Although plaintiffs omitted Richmond as a named defendant in their First Amended Complaint, they still maintained that Richmond was liable under a theory of respondeat superior. (See FAC at ¶¶ 15, 18.) Indeed, plaintiffs have alleged that Richmond is vicariously liable for Sergeant Thomas's actions under a theory of respondeat superior in each iteration of their complaint. (See Compl. at ¶ 25); (see FAC at ¶¶ 15, 18); (see Docket No. 23 at ¶¶ 15, 18, 53, 58, 63); (see SAC at ¶¶ 14, 15, 18, 55, 60, 66). Plaintiffs were then granted leave to file a Second Amended Complaint, and they subsequently explicitly named Richmond as a defendant and detailed the state law causes of action for which they contend Richmond is vicariously liable. (See generally SAC.) Plaintiffs have sufficiently given Richmond "fair notice" of what the respondeat superior claim against it is and "the grounds upon which it rests." See Twombly, 550 U.S. at 555.

To say that plaintiffs' counsel was imprecise in

drafting the First Amended Complaint is an understatement. Nevertheless, plaintiffs have never voluntarily dismissed their respondeat superior claims against Richmond because they have consistently reiterated such allegations throughout the course of this litigation. (See Opp'n to Mot. to Dismiss at 11.) (Docket No. 41.) To throw plaintiffs' case out on such a technicality would only serve to punish the plaintiffs for the sloppiness of their counsel, and the court declines to do so. Accordingly, the court concludes that plaintiffs' state law claims against the City are not barred for failure to present a claim under the Government Claims Act.

   B.   Scope of Employment

Under California law, a government entity can only be sued in tort pursuant to an authorizing statute or enactment. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 840 (9th Cir. 1996). California Government Code § 815.2(a) provides:

> A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

See Cal. Gov. Code § 815.2(a). "[A]n employer is vicariously liable for his employee's torts committed within the scope of the employment." Perez v. Van Groningen & Sons, Inc., 41 Cal. 3d 962, 967 (1986). Courts may find vicarious liability for unauthorized or prohibited conduct if the risk of that conduct is one "typical of or broadly incidental to the enterprise undertaken by the employer." See id. at 968. (citing Rodgers v.

11

Kemper Constr. Co., 50 Cal. App.3d 608, 619 (1975) (internal quotations omitted)). Essentially, the employer's liability extends beyond its actual or possible control of the employee to include risks inherent in or created by the enterprise. Id.

An employer is not vicariously liable where the employee has substantially deviated from his duties for personal purposes. Id. (citing Hinman v. Westinghouse Elec. Co., 2 Cal.3d 956, 960 (1970)). "[V]icarious liability has been deemed inappropriate where the misconduct does not arise from the conduct of the employer's enterprise but instead arises out of a personal dispute." See Lisa M. v. Henry Mayo Newhall Mem'l. Hosp., 12 Cal. 4th 291, 301 (1995)(internal citations omitted). Whether an employee has acted within the scope of employment is ordinarily a question of fact reserved for the jury; it becomes a question of law only where "the facts are undisputed and no conflicting inferences are possible." See id. at 299. (internal citations omitted).

Richmond contends that because plaintiffs have affirmatively alleged that Sergeant Thomas was engaged in a personal dispute over a parking space outside of his jurisdiction and have not alleged that Sergeant Thomas was on duty at the time of the shooting, they have failed to adequately allege that Sergeant Thomas was acting within the scope of his employment -- a necessary element for all of plaintiffs' claims against Richmond. (See Mot. to Dismiss at 9-13.)

Plaintiffs principally rely on Bradley v. County of San Joaquin, Case No. 2:17-cv-2313-KJM-AC, 2018 WL 4026996, * 1-6 (E.D. Cal. Aug. 23, 2018), to support their contention that an

off-duty officer can act within the scope of his employment under California law even when pursuing personal goals. In Bradley, an off-duty San Joaquin County Sheriff's deputy was engaged in an illicit transaction at his apartment complex. See id. at 1.[4] The court nevertheless found that plaintiffs successfully alleged that the defendant acted within his scope of employment once he invoked his status as a law enforcement officer, issued commands, shot the decedent, relied on his law enforcement status to take control of the scene after discharging his weapon, and coordinated with San Joaquin County personnel responding to the scene in the aftermath of the incident. See id. at *6.

Accepting the allegations of the Second Amended Complaint as true, as in Bradley, Sergeant Thomas was off-duty when he pulled a concealed gun out of his waistband, identified himself as a police officer, and opened fire upon the decedent. (See SAC at ¶ 22.) Sergeant Thomas then "identified himself as a police officer and showed his badge to deter witnesses from attending to Mr. Reason." (See id. at ¶ 26.) Plaintiffs also allege that Sergeant Thomas coordinated with the Vallejo Police Department by identifying himself as a Richmond Police Sergeant when calling the police for backup, and that the Vallejo Police Department subsequently initiated the Solano County Officer

---

[4] Richmond contends that Bradley involved a plain clothes or undercover deputy effecting an arrest in his own jurisdiction. (See Reply in Supp. of Mot. to Dismiss at 10.) (Docket No. 42.) To the contrary, Bradley involved an off-duty, out of uniform sheriff's deputy who was allegedly illegally dealing narcotics at his apartment complex. Despite this, the Bradley court still found that plaintiffs had adequately alleged that the defendant sheriff's deputy was acting within the scope of his employment. See Bradley, 2018 WL 4026996 at * 6.

13

Involved Shooting Protocol and allowed Sergeant Thomas to walk freely around the crime scene and take photographs of Mr. Reason. (See id. at ¶¶ 28-30.) As in Bradley, these alleged facts further support an inference that Sergeant Thomas's conduct was within the scope of his employment.[5]

Richmond is correct that "[a] police officer's authority is normally limited to the boundaries of the jurisdiction for which he is appointed" and that "[w]hen he acts outside his jurisdiction he is generally acting as a private person." See People v. Rogers, 241 Cal. App. 2d 384, 387-99 (2d Dist. 1966). Richmond argues that this issue is particularly salient here given plaintiffs' allegation in their initial complaint that Sergeant Thomas was "on administrative leave at the time of the incident." (See Mot. to Dismiss at 13); (See Compl. at ¶ 46.) However, Richmond has pointed to no binding or persuasive authority which states that police officers on administrative leave or outside their jurisdiction are per se

---

[5] Richmond is correct that the court in Bradley stated that, "[c]onstruing the factual allegations and all reasonable inferences in favor of plaintiffs, the court found that [defendant's] drawing of a concealed firearm, identifying himself as an officer and commanding others to "Get down" signaled that [defendant] sought to detain or arrest someone before he fired his firearm." See Richmond, 2018 WL 4026996, * 6; (See Reply in Supp. of Mot. to Dismiss at 10.) Although the present case is distinguishable because plaintiffs do not allege that Sergeant Thomas was attempting to arrest or detain Mr. Reason before he fired his weapon, this fact is not determinative. The Bradley court was primarily focused on the fact that the defendant "invoked his status as a law enforcement officer, issued commands . . . and relied on his status to take control of the scene after discharging his weapon . . ." in determining whether plaintiffs had adequately alleged that defendant was acting within the scope of his employment. See id.

14

unable to act within the scope of their employment, nor has the court found any.  Therefore, construing the factual allegations and all reasonable inferences in favor of plaintiffs, the court finds that plaintiffs have sufficiently pleaded that Sergeant Thomas's conduct was within the scope of his employment.

IT IS THEREFORE ORDERED that the City of Richmond's motion to dismiss (Docket No. 40), be, and the same hereby is, DENIED.

Dated: June 3, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE