UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ERIC REASON, an individual; STEPHANIE BASS, an individual; RASHEED REASON, individually and as Co-Successor-in-Interest to Decedent ERIC REASON II; TYRIQUE REASON, individually and as Co-Successor-in-Interest to Decedent ERIC REASON II; K.R., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad litem LATISHA PARKER; P.R., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad Litem LATISHA PARKER; N.M., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad Litem NIA MILLS; E.L.R., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad Litem SHAWNTAY DAVIS; I.R.V., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad Litem JULIA VELASQUEZ; | No. 2:20-cv-01900 WBS JDP<br><br>ORDER RE: PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

1

|                                      |
| ------------------------------------ |
| Plaintiffs, |
| v. |
| CITY OF RICHMOND, a municipal corporation, and the ESTATE OF VIRGIL THOMAS, individually and in his capacity as Police Sergeant for the CITY OF RICHMOND, |
| Defendants. |

----oo0oo----

Plaintiffs move for partial summary judgment on (1) the issue that Sergeant Thomas acted within the scope of his employment; (2) the issue that Sergeant Thomas acted under the color of law; (3) the Fourth Amendment excessive force claim; and (4) the negligence claim.[1]

First, the court construes plaintiffs' motion on the issue of scope of employment as pertaining to plaintiffs' state law claims (Claims 3-5). Plaintiffs brought their state law claims against both Sergeant Thomas and the City. (See Second Am. Compl.) The court finds that there is a triable issue of fact as to whether Sergeant Thomas was acting within the scope of his employment as a police officer when he shot Mr. Reason.

---

[1] The City objects to the entirety of Exhibit 2 (Vallejo Police Report excerpts) and Exhibit 7 (Sergeant Thomas interview transcript) attached to the Buelna Declaration. (See Def.'s Obj. (Docket No. 64-2).) The City's evidentiary objections are primarily based on (1) lack of foundation; (2) lack of personal knowledge; and (3) hearsay. (See generally id.) The objections based on lack of foundation, personal knowledge, and vagueness "are superfluous." Alvarez v. T-Mobile USA, Inc., 2:10-cv-2373 WBS GGH, 2011 WL 6702424, at *3 (E.D. Cal. Dec. 21, 2011). As to the objection based on hearsay, the City has not shown why the contents of the documents could not be properly presented at trial. See id. at 1119-20. The City's evidentiary objections are accordingly overruled.

2

1    While "[a] police officer's 'off-duty' status does not 'insulate'
2    an employer 'from potential liability for the torts of these
3    officers[,]'" "'[a]n act serving only the employee's personal
4    interest is less likely to arise from or be engendered by the
5    employment . . . .'" French v. City of L.A., No. 20-cv-00416
6    JGB, 2022 WL 2189649, at *6 (C.D. Cal. May 10, 2022) (citations
7    omitted).
8             Second, the court construes the motion on the issue of
9    whether Sergeant Thomas acted under the color of law as
10   pertaining to plaintiffs' § 1983 claims (Claims 1-2).
11   Plaintiffs' § 1983 claims are brought only against Sergeant
12   Thomas.  (See Second Am. Compl.)  The court finds that there is a
13   triable issue of fact as to whether he was acting under the color
14   of law when he shot Mr. Reason.  For example, it is disputed
15   whether Sergeant Thomas "invoked his status as a law enforcement
16   officer with the purpose and effect of influence the behavior of
17   others" or "engaged in conduct that 'related in some meaningful
18   way either to [his] governmental status or to the performance of
19   his duties."  See Hyun Ju Par v. City & Cnty. of Honolulu, 952
20   F.3d 1136, 1140 (9th Cir. 2020) (citation omitted).
21            Third, the court finds that there is a triable issue of
22   fact as to whether Sergeant Thomas used excessive force in
23   shooting Mr. Reason.  "[C]laims of excessive force are to be
24   judged under the Fourth Amendment's 'objective reasonableness'
25   standard."  Brosseau v. Haugen, 543 U.S. 194, 197 (2004)
26   (citations omitted).  Here, whether Sergeant Thomas reasonably
27   feared for his life is a triable issue of fact.  See Kisela v.
28   Hughes, 138 S. Ct. 1148, 1152 (2018) (excessive force claims

3

"require[] careful attention to the facts and circumstances of each particular case, including . . . whether the suspect pose[d] an immediate threat to the safety of the officers or others . . . ." ) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

Fourth, the court finds that there is a triable issue of fact as to whether the City and Sergeant Thomas were negligent.  As discussed above, there are triable issues of fact as to whether Sergeant Thomas used excessive force.  Because plaintiffs' claims for excessive force and negligence arise from the same conduct, there is a triable issue of fact as to whether Thomas was negligent.  See Susag v. City of Lake Forest, 94 Cal. App. 4th 1401, 1412 (4th Dist. 2002) ("[I]t appears unsound to distinguish between section 1983 and state law claims arising from the same alleged misconduct.").  Thus, the court must deny plaintiffs' motion for summary judgment on negligence.

IT IS THEREFORE ORDERED that plaintiffs' motion for partial summary judgment (Docket No. 60) be, and the same hereby is, DENIED.

Dated:  May 24, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4