UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ERIC REASON, an individual; STEPHANIE BASS, an individual; RASHEED REASON, individually and as Co-Successor-in-Interest to Decedent ERIC REASON II; TYRIQUE REASON, individually and as Co-Successor-in-Interest to Decedent ERIC REASON II; K.R., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad litem LATISHA PARKER; P.R., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad Litem LATISHA PARKER; N.M., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad Litem NIA MILLS; E.L.R., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad Litem SHAWNTAY DAVIS; I.R.V., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad Litem JULIA VELASQUEZ; | No. 2:20-cv-01900 WBS JDP<br><br>ORDER RE: DEFENDANT CITY OF RICHMOND'S MOTION FOR SUMMARY JUDGMENT |

1

|   |
|---|
| Plaintiffs, |
| v. |
| CITY OF RICHMOND, a municipal corporation, and the ESTATE OF VIRGIL THOMAS, individually and in his capacity as Police Sergeant for the CITY OF RICHMOND, |
| Defendants. |

----oo0oo----

Defendant City of Richmond moves for summary judgment on (1) the issue of vicarious liability for plaintiff's three state law claims (Claims 3-5) and (2) plaintiffs' Tom Bane Act claim on separate grounds (Claim 4). (Mot. at 2 (Docket No. 62).) The court will first address the issue of vicarious liability before addressing plaintiffs' claim under the Tom Bane Act.

I.  Vicarious Liability (Claims 3-5)

The court finds that there is a triable issue of fact as to whether Sergeant Thomas was acting in his capacity as a police officer.  The fact that Sergeant Thomas was off duty when he shot and killed Mr. Reason is not dispositive of the issue of whether he was acting within the scope of his employment.  See French v. City of L.A., No. 20-cv-00416 JGB, 2022 WL 2189649, at *6 (C.D. Cal. May 10, 2022) ("A police officer's 'off-duty' status does not 'insulate' an employer 'from potential liability for the torts of these officers.'") (citation omitted).  Nor does the fact that Sergeant Thomas may have had a personal motive preclude holding the City vicariously liable for his actions. See id. at *6 ("While '[a]n act serving only the employee's

1  personal interest is less likely to arise from or be engendered
2  by the employment,' an 'abuse of authority' motivated by personal
3  desire 'arise[s] out of the employment' when it does 'not evince
4  a complete departure from [an employee's] duties.'" (quoting Lisa
5  M. v. Henry Mayo Newhall Mem'l Hosp., 907 F.2d 358, 362 (1995);
6  Rizzo v. Ins. Co. of State of Penn., 969 F. Supp. 2d. 1180, 1192
7  (C.D. Cal. 2013)).
8  II.  Tom Bane Act (Claim 4)
9        The City's motion for summary judgment on plaintiffs'
10 Tom Bane Act claim must also be denied.  First, district courts
11 routinely allow plaintiffs, who act as successors in interest to
12 the decedent and assert violations of the decedent's
13 constitutional rights, to proceed under the Tom Bane Act.  See
14 Medrano v. Kern Cnty. Sheriff's Office, 921 F. Supp. 2d 1009,
15 1016 (E.D. Cal. 2013) (Ishii, J.); D.G. v. Cnty. of Kern, 1:15-
16 cv-0760 JAM JLT, 2016 WL 6072362, at *1 (E.D. Cal. Oct. 13,
17 2016); Harmon v. Cnty. of Sacramento, Case No. 2:12-cv-02758 TLN,
18 2016 WL 319232, at *15–16 (E.D. Cal. Jan. 27, 2016); Dela Torre
19 v. City of Salinas, Case No. C-09-00626 RMW, 2010 WL 3753762, at
20 *7 (N.D. Cal. Sep. 17, 2010).
21       Second, the Tom Bane Act's "specific intent"
22 requirement may be shown by demonstrating that the officer "acted
23 . . . 'in reckless disregard of constitutional or statutory
24 prohibitions or guarantees.'"  See Cornell v. City & Cnty. of
25 S.F., 17 Cal. App. 5th 766, 803-04 (1st Dist. 2017) (citation
26 omitted); Reese v. Cnty. of Sacramento, 888 F.3d 1030, 1045 (9th
27 Cir. 2018) ("[A] reckless disregard for a person's constitutional
28 rights is evidence of a specific intent to deprive that person of

3

those rights."). Here, the facts show Sergeant Thomas shot at Mr. Reason when Mr. Reason had his back turned and was running away. (Def.'s Statement Undisputed Facts ("DSUF") at ¶¶ 15-18 (Docket No. 62-1).) Thus, at the very least a triable issue of fact exists as to whether Sergeant Thomas acted with the specific intent to violate Mr. Reason's rights.

Third, the Tom Bane Act authorizes "a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief . . . ." Cal. Civ. Code § 51.2(c). Section 52 authorizes recovery for "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars . . . ." Cal. Civ. Code § 52; see also Klein v. City of Laguna Beach, 810 F.3d 693, 696 n.2 (9th Cir. 2016). "[A] plaintiff may pursue the statutory minimum damages of $4,000 in the absence of demonstrating any actual damages." Moody v. Rodriguez, No. 18-cv-1110 WQH, 2022 WL 5236820, at *10 (S.D. Cal. Oct. 4, 2022) (denying defendants' motion for summary judgment as to plaintiff's Tom Bane Act claim) (citations omitted). Thus, statutory damages are available to plaintiffs in the absence of any actual damages.

IT IS THEREFORE ORDERED that defendant City of Richmond's motion for summary judgment (Docket No. 62) be, and the same hereby is, DENIED.

Dated:  May 24, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE