UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ERIC REASON, an individual; STEPHANIE BASS, an individual; RASHEED REASON, individually and as Co-Successor-in-Interest to Decedent ERIC REASON II; TYRIQUE REASON, individually and as Co-Successor-in-Interest to Decedent ERIC REASON II; K.R., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad litem LATISHA PARKER; P.R., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad Litem LATISHA PARKER; N.M., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad Litem NIA MILLS; E.L.R., individually and as Co-Successor-in-Interest to Decedent ERIC REASON II, by and through his Guardian Ad Litem SHAWNTAY DAVIS; I.R.V., individually and as Co-Successor-in-Interest to | No. 2:20-cv-01900 WBS JDP<br><br>ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL[1] |

---

[1] The court takes this motion under submission on the papers, without oral argument, pursuant to Local Rule 230(g).

1

1  Decedent ERIC REASON II, by and
2  through his Guardian Ad Litem
   JULIA VELASQUEZ;
3           Plaintiffs,
4      v.
5  CITY OF RICHMOND, a municipal
   corporation, and the ESTATE OF
6  VIRGIL THOMAS, individually and
   in his capacity as Police
7  Sergeant for the CITY OF
   RICHMOND,
8
            Defendants.
9

10
                    ----oo0oo----
11

12       Defendant City of Richmond (the "City") moves for
13 certification of the court's May 24, 2023 Order denying the
14 City's motion for summary judgment (Docket No. 72) for
15 interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[2]  (Docket
16 No. 73.)
17       The Ninth Circuit has held that § 1292(b) "is to be
18 used only in extraordinary cases where decision of an
19 interlocutory appeal might avoid protracted and expensive
20 litigation." U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th
21 Cir. 1966).  It is "not intended merely to provide review of
22 difficult rulings in hard cases." Id.  The party seeking to
23 appeal therefore has the burden of justifying a departure from
24 the basic policy of postponing appellate review until after the

---

25   [2]   Under 28 U.S.C. § 1292(b), a district court may certify
   for appeal an interlocutory order which is not otherwise
26 appealable if the district court is "of the opinion that such
   order [1] involves a controlling question of law as to which [2]
27 there is substantial ground for difference of opinion and that
   [3] an immediate appeal from the order may materially advance the
28 ultimate outcome of the litigation."  28 U.S.C. § 1292(b).

                               2

entry of a final judgment.  In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982).

        For the reasons discussed in the court's May 24, 2023 Order, the court finds that the 28 U.S.C. § 1292(b) factors are not met.  There is substantial ground for a difference of opinion in most seriously contested summary judgment motions.  This case is no exception.  The California Supreme Court has repeatedly articulated that whether an employee acted within the scope of employment "is ordinarily a question of fact."  See, e.g., John R. v. Oakland Unified Sch. Dist., 48 Cal. 3d 438, 447 (1989); Mary M. v. City of L.A., 54 Cal. 3d 202, 213 (1991) (citation omitted).

        The inquiry "becomes a question of law . . . when 'the facts are undisputed and no conflicting inferences are possible.'"  Mary M., 54 Cal. 3d at 213 (quoting Perez v. Van Groningen & Sons, Inc., 41 Cal. 3d 962, 968 (1986)).  Here, as the court explained in its May 24, 2023 Order, there are disputed questions of fact, as well as conflicting inferences which may be drawn, on the issue of whether Sergeant Thomas was acting within the scope of his employment when he shot and killed Mr. Reason.

        IT IS THEREFORE ORDERED that the City's motion for certification of this court's May 24, 2023 Order (Docket No. 72) for interlocutory appeal be, and the same hereby is, DENIED.

Dated: June 14, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3