UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ERIC REASON, an individual;
STEPHANIE BASS, an individual;
RASHEED REASON, individually and
as Co-Successor-in-Interest to
Decedent ERIC REASON II; TYRIQUE
REASON, individually and as Co-
Successor-in-Interest to
Decedent ERIC REASON II; K.R.,
individually and as Co-
Successor-in-Interest to
Decedent ERIC REASON II, by and
through his Guardian Ad litem
LATISHA PARKER; P.R.,
individually and as Co-
Successor-in-Interest to
Decedent ERIC REASON II, by and
through his Guardian Ad Litem
LATISHA PARKER; N.M.,
individually and as Co-
Successor-in-Interest to
Decedent ERIC REASON II, by and
through his Guardian Ad Litem
NIA MILLS; E.L.R., individually
and as Co-Successor-in-Interest
to Decedent ERIC REASON II, by
and through his Guardian Ad
Litem SHAWNTAY DAVIS; I.R.V.,
individually and as Co-
Successor-in-Interest to
Decedent ERIC REASON II, by and
through his Guardian Ad Litem
JULIA VELASQUEZ;

No. 2:20-cv-01900 WBS JDP

ORDER

1

Plaintiffs,

v.

CITY OF RICHMOND, a municipal
corporation, and the ESTATE OF
VIRGIL THOMAS, individually and
in his capacity as Police
Sergeant for the CITY OF
RICHMOND,

Defendants.

----oo0oo----

On December 6, 2023, the parties settled all claims.
(Docket No. 86.)  Minor plaintiffs P.R., E.J.R., and I.V.R. now
bring unopposed motions to appoint guardians ad litem and for
minor's compromise.  (Docket Nos. 97-99.)

I.   Appointment of Guardians Ad Litem

P.R., E.J.R., and I.V.R. each move to appoint their
biological mothers, Latisha Parker, Shawntay Davis, and Julia
Velasquez, respectively, as guardians ad litem.  No objections to
these appointments have been raised.  Furthermore, plaintiffs'
motions demonstrate that (1) no general guardian has been
appointed for any of the minor plaintiffs and no previous
petition for guardian ad litem has been filed in this matter; and
(2) each guardian is a competent and reasonable person, qualified
to become the guardian ad litem of said minors, and consents to
act in such a capacity.

Accordingly, plaintiffs' motions to appoint guardians
ad litem will be granted.

II.  Minors' Compromise

Minor plaintiffs seek the court's approval of the

parties' settlement, which would allocate $13,606.14 for each biological child of decedent plaintiff Eric Reason.

The Ninth Circuit has determined that Federal Rule of Civil Procedure 17(c) imposes on the court the responsibility to safeguard the interests of child-litigants. See Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). Thus, the court is obligated to independently investigate the fairness of the settlement even where the parent has recommended it. Id. at 1181; see also Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

To that end, the parties must disclose to the court, among other things, "the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . . ." E.D. Cal. L.R. 202(b)(2).

Plaintiffs' motions supply none of this information. Their moving papers fail to explain how $13,606.14 is a fair and reasonable settlement amount for each minor child. The plaintiffs offer no analysis on the likelihood of success on each of their claims were the case to go to trial. Neither do they substantiate the amount of each category of damages, such as the emotional or financial support that decedent was providing to his children prior to his death or could be expected to provide in

1  the future, or the reasonable funeral and burial expenses that

2  plaintiffs actually incurred.

3        Accordingly, the court cannot presently perform its

4  obligation of determining whether the $13,606.14 being paid to

5  each child is "fair and reasonable."  See Robidoux, 638 F.3d at

6  1182.

7        IT IS THEREFORE ORDERED that the hearing on these

8  motions, currently scheduled on March 18, 2024 be, and the same

9  hereby is VACATED.

10        IT IS FURTHER ORDERED that plaintiffs' motions to

11  appoint guardians ad litem (Docket Nos. 97-99) be, and the same

12  hereby are, GRANTED.  Latisha Parker shall be appointed guardian

13  ad litem for minor P.R.; Shawntay Davis shall be appointed

14  guardian ad litem for minor E.J.R; and Julia Velasquez shall be

15  appointed guardian ad litem for minor I.V.R.

16        IT IS FURTHER ORDERED that plaintiffs' motions to

17  approve minor's compromise (Docket Nos. 97-99) be, and the same

18  hereby are, DENIED without prejudice.  Plaintiffs are directed to

19  file and notice for hearing amended motions consistent with this

20  order for minor's compromise within fourteen days of the date of

21  this order.

22  Dated:  March 6, 2024

23  

24  WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

25  

26  

27  

28  

4