UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ERIC REASON, an individual;
STEPHANIE BASS, an individual;
RASHEED REASON, individually and
as Co-Successor-in-Interest to
Decedent ERIC REASON II; TYRIQUE
REASON, individually and as Co-
Successor-in-Interest to
Decedent ERIC REASON II; K.R.,
individually and as Co-
Successor-in-Interest to
Decedent ERIC REASON II, by and
through his Guardian Ad litem
LATISHA PARKER; P.R.,
individually and as Co-
Successor-in-Interest to
Decedent ERIC REASON II, by and
through his Guardian Ad Litem
LATISHA PARKER; N.M.,
individually and as Co-
Successor-in-Interest to
Decedent ERIC REASON II, by and
through his Guardian Ad Litem
NIA MILLS; E.L.R., individually
and as Co-Successor-in-Interest
to Decedent ERIC REASON II, by
and through his Guardian Ad
Litem SHAWNTAY DAVIS; I.R.V.,
individually and as Co-
Successor-in-Interest to
Decedent ERIC REASON II, by and
through his Guardian Ad Litem
JULIA VELASQUEZ;

No. 2:20-cv-01900 WBS JDP

ORDER RE: MINORS' COMPROMISE

1

1                     Plaintiffs,

2

      v.

3

CITY OF RICHMOND, a municipal
4 corporation, and the ESTATE OF
VIRGIL THOMAS, individually and
5 in his capacity as Police
Sergeant for the CITY OF
6 RICHMOND,

7                    Defendants.

8

9                 ----oo0oo----

10         The remaining plaintiffs in this action, Eric Reason,

11 Stephanie Bass, Rasheed Reason, Tyrique Reason, K.R., N.M., and

12 minor plaintiffs P.R., E.J.R., and I.V.R., have agreed with the

13 remaining defendant City of Richmond upon a settlement of all

14 remaining claims related to defendant police officer Virgil

15 Thomas's fatal shooting of plaintiff Eric Reason while Thomas was

16 off-duty.[1]  (Docket No. 86.)

17         The parties agree to a preliminary total settlement

18 amount of $150,000 to resolve all claims, which includes

19 $17,257.02 in costs and fees of 25% of the total settlement,

20 which is $37,500.  This leaves $95,242.98 remaining for

21 plaintiffs, which the parties agree will be divided equally among

22 decedent plaintiff Eric Reason's seven biological children, for a

23 total amount of **$13,606.14** for each biological child.  (Id.)

24         Minor plaintiffs P.R., E.J.R., and I.V.R. now bring

25 renewed and unopposed[2] motions for minor's compromise.  (Docket

26

27       [1]   The court previously dismissed all claims against the
estate of Virgil Thomas with prejudice.  (Docket No. 85.).

28       [2]   (See Docket No. 108 (Defendants' Statement of Non-

Nos. 104-06.)  Previously, the court denied the motions for minors' compromise because plaintiffs did not provide the court with adequate information with which to determine the fairness of the settlement to the minor children.  (Docket No. 103.)  Now, plaintiffs provide an assessment of their legal claims and likely damages.

The remaining claims are negligence, battery, and violation of the Tom Bane Act (Docket No. 85.)  The parties agree that all these claims are subject to respondeat superior liability against the City.  This would require the jury to conclude that Thomas was acting within the scope of his employment for the City during the shooting, which plaintiffs acknowledge will be difficult to do because both Reason and Thomas are deceased[3] and no audio recording or witness testimony exists to substantiate what happened between Reason and Thomas leading up to the shooting.  Plaintiffs also admit that the same dearth of evidence makes their Tom Bane Act argument difficult to prove on the merits.

Plaintiffs state that they have a "strong fundamental negligence claim."  However, even as to that claim, plaintiffs point out that contributory negligence would weigh against them because Reason was indisputably armed with a firearm during the incident.  (Docket Nos. 104-06.)

Plaintiffs' only claimed damages are emotional damages.

_____

Opposition).)

[3]   Defendant Virgil Thomas died before being deposed or questioned under oath.

3

1    Reason made no financial contributions to the surviving minor

2    plaintiffs.  Neither did the surviving plaintiffs incur any

3    funeral costs or sustain any liens related to Reason's damages.

4    Plaintiffs state that the high emotional toll of litigation,

5    uncertainty of success at trial, cost of appeals over the next

6    several years, the lack of comparable case law, the lack of

7    witnesses or probative evidence, and the exposure to contributory

8    negligence all counsel towards accepting the instant compromise

9    settlement.  (Id.)

10          Therefore, taking into all of the foregoing

11   considerations, the court concludes that $13,606.14 is a fair and

12   reasonable settlement amount for each minor child.  The court

13   accordingly VACATES the hearing on these motions, currently

14   scheduled on April 29, 2024, GRANTS the motions for approval of

15   minors' compromise (Docket Nos. 104-06), and directs the

16   respective guardians ad litem of the minor plaintiffs as follows.

17   I.   P.R.

18          Petitioner Latisha Parker (hereinafter "Petitioner"),

19   the appointed Guardian Ad Litem for the minor P.R., shall be

20   directed as follows:

21          Upon receipt of settlement funds, Petitioner shall open

22   an interest-bearing blocked trust account at an FDIC insured

23   financial institution for the sole benefit of P.R., with the

24   balance payable to P.R. upon his 18th birthday.  Petitioner shall

25   provide proof of compliance within 60 days.

26   II.  I.V.R.

27          Petitioner Julia Velasquez (hereinafter 'Petitioner'),

28   appointed Guardian Ad Litem for the minor I.V.R., shall be

directed to sign a settlement agreement including the following terms:

Payment shall be made by **Defendant(s)** in the sum of **$13,606.14** to **Pacific Life Insurance Company** to provide for the tax-free structured settlement set forth below ("Periodic Payments").  The sum of **$13,606.14** is to be used by **Defendant(s)** to arrange for the purchase of a tax-free structured settlement annuity policy from **Pacific Life Insurance Company,** through Horacio Lleverino of Settlement Planners, Inc.

**Defendant(s)** shall execute a Settlement Agreement and Release and execute a "Qualified Assignment" of its obligation to make periodic payments pursuant thereto in compliance with IRC Section 104(a)(2) and Section 130(c) of the Internal Revenue Code of 1986, as amended.  Said assignment shall be made to **Pacific Life & Annuity Services, Inc.** ("Assignee").  Upon doing so, **Defendant(s)** will no longer be obligated to make the future periodic payments and the Assignee will be the Plaintiff's sole obligor with respect to the future periodic payments, and **Defendant(s)** will have no further obligations whatsoever to the Plaintiff.

The Assignee shall purchase a structured settlement annuity for **$13,606.14** through **Pacific Life Insurance Company** which is rated **A+ (Superior) Financial Size XV** through A.M. Best. No part of said **$13,606.14** may be paid to the **Petitioner**, this Court having determined that a tax-free structured settlement is in the best interest of the minor.  **Petitioner** is authorized to settle this claim and receive and negotiate funds on behalf of the minor.  No bond shall be required of **Petitioner**.  Receipt for

purchase of annuity is to be filed with the Court within 60 days. The following periodic payments will be made by **Pacific Life Insurance Company,** payable to I.V.R.:

> **Guaranteed Lump Sum Payment of $5,000.00 payable on 1/18/2035 (Age 18)**
>
> **Guaranteed Lump Sum Payment of $23,413.40 payable on 1/18/2042 (Age 25)**

The future structured settlement payments listed above are guaranteed based on current annuity rates and a projected annuity purchase date on or before (06/01/2024).  Any delay in funding the annuity purchase may result in a delay of the payment dates or a change in the payment amounts that shall be accurately recorded in the settlement agreement and release, qualified assignment and release document and annuity contract without the need of obtaining an amended Petition/Court Order/New Infants Compromise Order.

On receipt of the full amount of the settlement sum here approved, Petitioner is authorized and directed to execute and deliver to Defendant(s) a complete Settlement Agreement and Release (which shall provide for a "Qualified Assignment" in compliance with Section 130(c) of the Internal Revenue Code of 1986, as amended) and discharge of any and all claims of I.V.R. arising from the facts set forth in the Petition, and a properly executed dismissal with prejudice.

III. E.J.R.

Petitioner Shawntay Davis (hereinafter 'Petitioner'), appointed Guardian Ad Litem for the minor E.J.R., shall be directed to sign a settlement agreement including the following

terms:

Payment shall be made by **Defendant(s)** in the sum of **$13,606.14** to **Pacific Life Insurance Company** to provide for the tax-free structured settlement set forth below ("Periodic Payments").

The sum of **$13,606.14** is to be used by **Defendant(s)** to arrange for the purchase of a tax-free structured settlement annuity policy from **Pacific Life Insurance Company,** through Horacio Lleverino of Settlement Planners, Inc.

**Defendant(s)** shall execute a Settlement Agreement and Release and execute a "Qualified Assignment" of its obligation to make periodic payments pursuant thereto in compliance with IRC Section 104(a)(2) and Section 130(c) of the Internal Revenue Code of 1986, as amended.  Said assignment shall be made to **Pacific Life & Annuity Services, Inc.** ("Assignee").  Upon doing so, **Defendant(s)** will no longer be obligated to make the future periodic payments and the Assignee will be the Plaintiff's sole obligor with respect to the future periodic payments, and **Defendant(s)** will have no further obligations whatsoever to the Plaintiff.

The Assignee shall purchase a structured settlement annuity for **$13,606.14** through **Pacific Life Insurance Company** which is rated **A+ (Superior) Financial Size XV** through A.M. Best. No part of said **$13,606.14** may be paid to the **Petitioner**, this Court having determined that a tax-free structured settlement is in the best interest of the minor.  **Petitioner** is authorized to settle this claim and receive and negotiate funds on behalf of the minor.  No bond shall be required of **Petitioner**.  Receipt for

purchase of annuity is to be filed with the Court within 60 days. The following periodic payments will be made by **Pacific Life Insurance Company,** payable to E.J.R.:

> **Guaranteed Lump Sum Payment of $5,000.00 payable on 12/05/2028 (Age 18)**
>
> **Guaranteed Lump Sum Payment of $13,042.28 payable on 12/05/2031 (Age 21)**

The future structured settlement payments listed above are guaranteed based on current annuity rates and a projected annuity purchase date on or before (06/01/2024).  Any delay in funding the annuity purchase may result in a delay of the payment dates or a change in the payment amounts that shall be accurately recorded in the settlement agreement and release, qualified assignment and release document and annuity contract without the need of obtaining an amended Petition/Court Order/New Infants Compromise Order.

On receipt of the full amount of the settlement sum here approved, Petitioner is authorized and directed to execute and deliver to Defendant(s) a complete Settlement Agreement and Release (which shall provide for a "Qualified Assignment" in compliance with Section 130(c) of the Internal Revenue Code of 1986, as amended) and discharge of any and all claims of E.J.R. arising from the facts set forth in the Petition, and a properly executed dismissal with prejudice.

Unless otherwise ordered by the court, said dismissal shall be filed with the court on or before **August 1, 2024.**

///

///

IT IS SO ORDERED.

Dated:   April 25, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE